# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RENAE DEENELL PRUITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-207-HE |
| ) | |
| CAROLYN COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Renae Deenell Pruitt, seeks judicial review of the Social Security Administration's denial of her application for supplemental security income benefits (SSI). Chief United States District Judge Joe Heaton referred this matter for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be reversed and remanded.

**I.     Procedural History**

On November 10, 2011, Plaintiff protectively filed an application for both disability insurance benefits (DIB) and SSI with the Social Security Administration (SSA) alleging a disability onset date of January 1, 1999, which she later amended to November 10, 2011. *See* Administrative Record (AR) [Doc. No. 10] 59-62, 73, 114, 118, 138. The SSA denied both applications. AR 62; 66-69. At Plaintiff's request, the SSA reconsidered her SSI application but denied it upon review. AR 73-75. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision and the Appeals Council declined Plaintiff's request for review. AR 1-3, 7, 10-19. This appeal followed.

## II. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); 20 C.F.R. § 416.920. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since November 10, 2011. AR 12. At step two, the ALJ found Plaintiff to have the following severe impairments: rheumatoid arthritis; asthma; and migraine headaches, with the onset date of the latter being June 2012, seven months after Plaintiff initiated her applications. *Id.* At step three, the ALJ concluded Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. AR 15. The ALJ next assessed Plaintiff's residual functional capacity (RFC) and, after careful consideration of the entire record, found her able:

> to perform "light work," as defined in 20 C.F.R. 416.967(b), except that the claimant can only: occasionally climb, balance, stoop, kneel, crouch, and crawl; frequent, but not constant, use of the upper extremities for reaching, handling, fingering, and feeling; no operation of any foot pedals or controls; must avoid concentrated exposure to irritants, such as dusts, fumes, smoke, gases, and poor ventilation; must avoid exposure to temperatures of 80 degrees or more and 60 degrees or less; must avoid concentrated exposure to high humidity and wetness; and, due to headache pain and symptomatology, understand, remember, and carry out only simple, routine, repetitive instructions; make only simple work related decisions; deal with only occasional changes in work processes and environment; and cannot perform any fast pace, production pace, assembly line pace type work.

AR 16. At step four, the ALJ determined Plaintiff has no past relevant work. AR 18. Relying on the testimony of a vocational expert (VE) at step five, the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, significant numbers of jobs exist in the national economy that she can perform, including the representative jobs of mail room clerk,

office helper, routing clerk, and bakery inspector. AR 18-19. The ALJ thus found Plaintiff not disabled for purposes of the Social Security Act. AR 19.

### III. Plaintiff's Claims

Plaintiff alleges the ALJ failed to perform a credibility analysis in rejecting her subjective complaints of disabling migraine pain. *See* Plaintiff's Brief [Doc. No. 12] at pp. 12-20. The undersigned agrees with this argument and has therefore elected not to address Plaintiff's remaining claim.[1] *Id.* at 3-12; *see Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by

---

[1] Despite suggesting she raises only two issues on review, Plaintiff advances numerous sub-arguments under the rubric of the allegedly errant RFC. *Id.* at pp. 3-12. Indeed, under that heading, Plaintiff argues the ALJ failed to express her nonexertional limitations in terms of work-related functions as required by SSR 96-8p; erred in evaluating and weighing medical evidence; failed to include in the RFC Plaintiff's need to take unscheduled breaks or miss work when migraines occur or to relate Plaintiff's headaches to a loss or productivity. *See* Plaintiff's Brief at pp. 3-9. Also under the same heading, Plaintiff insists the ALJ's reliance at step five on the representative jobs identified by the VE is not supported by substantial evidence because the RFC is flawed; the hypotheticals the ALJ posed to the VE did not convey Plaintiff's impairments with sufficient precision; and three of the four representative jobs the VE offered in response to the ALJ's hypothetical were too detailed to qualify as simple work. *Id.* at pp. 10-12. Although Plaintiff's scattershot approach does little to elucidate the issues, it is likely that many, if not all, of these contentions of error will be affected by the ALJ's treatment of this case on remand.

other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court does consider whether the ALJ followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V.   Analysis

Plaintiff argues the ALJ rejected her subjective complaints of disabling pain without performing the requisite credibility analysis. *See* Plaintiff's Brief at pp. 12-20. Specifically, Plaintiff contends the ALJ dismissed her complaints on the strength of a boilerplate recitation of law in violation of *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995). *See* Plaintiff's Brief at pp. 15-17. The Court agrees.

Once an ALJ finds that a claimant's underlying, medically-determinable impairments could reasonably be expected to produce the symptoms about which the claimant complains, the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996). In other words, when evaluating a claim of disabling pain, an ALJ is required to consider and determine:

> (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged (what we term a "loose nexus"); and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling.

4

*See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012) (*citing Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)). When considering these relevant pain-assessment factors (the "*Luna* factors"), the ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible." *Kepler*, 68 F.3d at 391. The ALJ's findings with respect to a claimant's credibility 'should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004) (*quoting Kepler*, 68 F.3d at 391 (10th Cir. 1995)); *see* SSR 96-7p, 1996 WL 374186, at *4 (July 2, 2996) ("The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision."). This is because, in the absence of "specific reasons for the finding on credibility, supported by the evidence in the case record," the weight the ALJ afforded Plaintiff's statements and the reasons for that weight are unclear, and the court cannot undertake the requisite "full and fair review" of the decision. SSR 96-7p, 1996 WL 374186, at *4 (July 2, 2996).

In the present matter, despite determining Plaintiff satisfied the first two *Luna* factors, *see* AR 12, 17, the ALJ failed to consider and determine the credibility of Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms "based on a consideration of the entire case record" in satisfaction of the third factor. *See* SSR 96-7p, 1996 WL 374186 at *2. (July 2, 1996). Plaintiff testified that she had been experiencing headaches on a daily basis since June 2012, and vomits daily due to the pain.[3] AR 32, 33, 36. Immediately

---

[3] Plaintiff also testified that to cope with the migraine pain, she turns off the lights, closes the curtains, and buries her face in the couch with a pillow over her head. AR 34. Because florescent lights make the pain worse, Plaintiff has been wearing sunglasses indoors since July 2012. *Id.* As a result of the migraine pain, Plaintiff is no longer able to take care of her children. AR 32-34. Her husband has assumed all childcare responsibilities. AR 34. Plaintiff testified she is incapable of doing any household chores, to include laundry, dishes, cleaning, yard work, and taking out the trash. AR 31-32. In addition to migraine pain, Plaintiff has

5

following his summary of Plaintiff's testimony in this regard, the ALJ concluded her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." *See* AR 17. At no point in his decision does the ALJ deliver the promised explanation or requisite analysis, however. In defense of the ALJ's decision, the Commissioner insists the ALJ "gave numerous specific reasons for the finding on credibility" and supports this assertion by making a general citation to three pages of the ALJ's decision. *See* Defendant's Brief [Doc. No. 16] at 10, *citing* AR 16-18. Yet, here, again, no specific reasons for the ALJ's assessment of Plaintiff's credibility appear on the referenced pages.

What does appear, however, is a recitation of boilerplate language to the effect that the ALJ "considered all the symptoms . . . based on the requirements of 20 C.F.R. 416.929 and SSRs 96-4p and 96-7p."[4] AR 16. While "*Kepler* does not require a formalistic, factor-by-factor recitation of the evidence," *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), it is not enough for the ALJ "simply to recite the factors that are described in the regulations for evaluating symptoms."[5] AR 18; *see Kepler*, 68 F.3d at 391 (holding credibility determination inadequate where ALJ simply recited the general factors he considered and then said claimant was not credible based on those factors). The dictates of *Kepler* are satisfied "so long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility." *Qualls*, 206 F.3d at 1372. The ALJ failed to do that in this case. "Such boilerplate language fails to inform

---

temporomandibular joint pain that makes her dizzy and is often severe enough to wake her up at night. *Id.* She also routinely experiences stabbing pains in her hands, wrists, left shoulder, and right hip due to rheumatoid arthritis, with the hip pain being of such severity she has developed a limp and has to hang on to her husband to walk. AR 37-38, 42-43.

[4] The ALJ relied on similar boilerplate language in rejecting Plaintiff's allegations of pain and limitation, and in reciting the factors for evaluating symptoms. AR 17-18.

[5] SSR 96-7p, 1996 WL 374186, at *4 (July 2, 2996).

us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that plaintiff's complaints were not credible." *Romero v. Apfel*, No. 99-1241, 2000 WL 985853, at *4 (10th Cir. July 18, 2000) (unpublished).

And, while it is true that courts "generally treat credibility determinations made by an ALJ as binding upon review," *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir.1990), because the ALJ is "optimally positioned to observe and assess witness credibility," *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991), the problem here is the requisite credibility analysis is entirely absent from the ALJ's decision. Where, as here, "the link between the evidence and credibility determination is missing, all we have is the ALJ's conclusion" and that is insufficient and does not satisfy the dictates of *Kepler*. *Id.*, 68 F.3d at 391; *see Angel v. Barnhart*, 329 F.3d 1208, 1213 (10th Cir. 2003) (holding ALJ's conclusory credibility findings an insufficient basis for rejecting Plaintiff's testimony regarding her back pain); *Romero*, 2000 WL 985853, at *4 (holding ALJ's generic recitation that claimant's "'testimony of subjective complaints and functional limitations, including pain, was not supported by the evidence as a whole in the disabling degree alleged and therefore lacked credibility'" as "precisely the type of 'conclusion in the guise of findings' rejected in *Kepler*.") (citation omitted).

Accordingly, the undersigned recommends the case be remanded for the Commissioner to make express findings, with reference to relevant evidence as appropriate, concerning the credibility of Plaintiff's claim of disabling pain. *See Kepler*, 68 F.3d at 391 (ordering a limited remand on the issue of credibility); *Huston*, 838 F.2d at 1132 (explaining remand "does not dictate any given outcome" but "simply assures that the correct legal standards are invoked" in determining the credibility of pain testimony).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Commissioner's decision be reversed and remanded.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Any objection must be filed with the Clerk of the District Court by February 3, 2016. Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 20th day of January, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE