# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RENAE DEENELL PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0207-HE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Renae Deenell Pruitt filed this appeal from the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to U. S. Magistrate Judge Bernard M. Jones, who has recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings. The Commissioner has filed an objection to the Report and Recommendation. Having conducted a *de novo* review,[1] the court concludes that the Report and Recommendation should be adopted.

Plaintiff applied for disability insurance benefits and supplemental security income benefits, alleging she became disabled on November 10, 2011. Her applications were denied on initial consideration and reconsideration. Plaintiff then requested a hearing by an

---

[1]*The general standards applicable to the court's review are set out in the Report and Recommendation and will not be repeated here.*

administrative law judge ("ALJ"). The ALJ held a hearing and issued an unfavorable decision on December 9, 2013, concluding that there existed a significant number of jobs in the economy that plaintiff could perform, and that plaintiff was therefore not disabled under the Social Security Act. The Appeals Council denied plaintiff's request for review, so the ALJ's decision is the final decision of the Commissioner.

Here, plaintiff asserts that the ALJ failed to include a sufficient analysis of the basis for his conclusion that plaintiff's statements as to the extent of her pain and other symptoms were not entirely credible. Plaintiff also raises other claims of error.

Judge Jones concluded that the ALJ's opinion did not provide the necessary explanation and analysis to support the credibility determination, and recommended remand on that basis. He did not address the remaining claims of error, on the basis they might be affected by the ALJ's treatment of the case on remand. Doc. No. 20, at 3 (citing Watkins v. Barnhart, 350 F.3d 1297, 1299 (10th Cir. 2003)). In her objection, the Commissioner argues the ALJ's credibility finding was sufficiently supported by evidence in the record.[2]

When determining the credibility of a claimant's subjective complaints of pain, an ALJ must explain the conclusion reached and provide some link between the credibility determination and the evidence. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). It is

---

[2]*Although the Commissioner "directs the Court's renewed attention" to argument contained in her Brief in Support of the Commissioner's Decision, Doc. No. 21, at 1, any argument that is not presented with sufficient specificity in the objection is deemed waived. See Collins v. Colvin, No. 15-6073, 2016 WL 66503, at *2 (10th Cir. Jan. 6, 2016) ("[W]e disfavor briefing by incorporation . . . .") Therefore, only those arguments specifically presented in the objection are properly preserved for review.*

not necessary to perform a formalistic analysis of each factor considered, but there must be at least some discussion of the basis for the conclusion as to credibility. *See* Strickland v. Astrue, 496 F. App'x 826, 835–36 (10th Cir. 2012).

Here, the ALJ's decision stated a conclusion as to plaintiff's credibility, but included no meaningful discussion of the basis for it. It does not attempt to link particular evidence to the conclusion drawn or otherwise provide a basis for review by this court as to the nature of the credibility determination. It may well be that, upon remand, the ALJ can readily identify and explain the evidence leading to the conclusion that plaintiff's complaints of the limiting effects of her symptoms are not entirely credible. However, that explanation must be offered by the ALJ in the first instance, rather than supplied later in the Commissioner's briefing on appeal. See Haga v. Astrue, 482 F.3d 1205, 1207–08 (10th Cir. 2007). A remand for further proceedings is therefore necessary.

For substantially the same reasons as stated in the Report and Recommendation, it is unnecessary to address now plaintiff's other claims of error.

Accordingly, the court **ADOPTS** the Report and Recommendation, [Doc. No. 20] **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further proceedings consistent with this order and the Report and Recommendation, a copy of which is attached. This decision does not suggest or imply any view as to whether plaintiff is or is not disabled, or what result should be reached on remand.

3

**IT IS SO ORDERED**.

Dated this 31st day of March, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE