# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RENAE DEENELL PRUITT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-15-0207-HE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff has moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. She argues that the Commissioner's position was not "substantially justified" and that, in light of the court's reversal of the Commissioner's decision and remand of the case [Doc. Nos. 23 & 24], an award of EAJA fees is appropriate.

EAJA provides for an award of attorney's fees to the prevailing party unless the position of the government was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). To be viewed as "substantially justified," the government's position must have been "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The government's litigating position may meet this standard even if it was not successful on the merits. Madron v. Astrue, 646 F.3d 1255, 1257–58 (10th Cir. 2011).

Here, the basis for the reversal of the Commissioner's determination was less a matter of substance than a matter of form. The court's determination was not that the ALJ's

credibility determination was necessarily wrong, but that the ALJ had failed to "provide the necessary explanation and analysis to support the credibility determination . . . ." [Doc. No. 23, at 2.] The court concluded the decision did not provide the necessary explanation linking the evidence cited and the ALJ's conclusions as to credibility. Given the basis for the reversal and remand, and that other evidence in the record cited by the ALJ arguably supported the credibility determination had it been properly presented and explained, the court concludes the government's litigating position was "substantially justified" within the meaning of the statute.

Plaintiff's motion for EAJA fees [Doc. No. 25] is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated this 2nd day of June, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE